UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| LARRY DASHAWN JONES | ) | CASE: A25-58037-JWC |
| MAREN ELIZEBETH HONEY | ) | |
| | ) | |
| **DEBTORS** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

An Employer Deduction Order for Debtors' plan payments has not yet been requested by the Debtors. The Trustee opposes the Debtors making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

2.

The Trustee requests proof of the Debtors' business income and expenses, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

3.

The Trustee requests an itemization of the 2024 personal injury settlement, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

4.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

5.

The Chapter 13 budget reflects a total monthly household expense of $16,623.00, an amount that may be excessive and unnecessary for the maintenance or support of the Debtors or Debtors' dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

6.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

7.

The Debtors' plan provides for payments to be paid to the secured anticipated claim of Utah State Tax Commission. This creditor has filed a proof of claim as an unsecured priority creditor, therefore, the Trustee opposes the proposed payment to this creditor as it creates an impermissible class in violation of 11 U.S.C. Section 1322(a)(3).

8.

The Debtors propose a zero percent (0%) composition plan while proposing to pay for three (3) automobiles with debts of $45,000.00, $49,326.00 and $44,017.00, thereby indicating a lack of good faith in proposing the repayment plan in violation of 11 U.S.C. Section 1325(a)(3). The Debtors are contributing an excessive amount of disposable income toward the automobile purchases which could otherwise benefit the unsecured creditors in violation of 11 U.S.C. Section 1325(b)(1)(B).

9.

After review of the case at the Meeting of Creditors, the Trustee requests the Debtors complete the enclosed Business Packet and return it to the Trustee for review prior to the Confirmation hearing. The packet is necessary for the Trustee to determine the accuracy and veracity of the schedules and feasibility of the proposed plan. 11 U.S.C. Section 1325(a)(6), 11 U.S.C. Section 1325(b)(1)(B) and Bankruptcy Rule 1007.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtors' plan, and to dismiss the case.

This the 28th day of August, 2025.

Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

# CERTIFICATE OF SERVICE

Case No: A25-58037-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

LARRY DASHAWN JONES
MAREN ELIZEBETH HONEY
2080 MARLBOROUGH DR
BETHLEHEM, GA  30620

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

R. JEFFREY FIELD & ASSOCIATES

This the 28th day of August, 2025.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201